UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| GREEN MOUNTAIN FINANCIAL FUND, LLC, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | 1:09-cv-1216-SEB-TAB |
| LORI RAPPAPORT LACROIX, et al., | ) |  |
| Defendants/Third Party Plaintiffs, | ) |  |
| vs. | ) |  |
| MARGUERITE DOWNS RAPPAPORT, et al., | ) |  |
| Third Party Defendants. | ) |  |

**Entry Discussing Request to Proceed on Appeal *in forma pauperis***

Defendant Lori Rappaport LaCroix ("Lori") has filed a notice of appeal and a request to proceed on appeal *in forma pauperis* with respect to the denial of her motion to reconsider the ruling on the plaintiff's motion for summary judgment. As was completely clear from the summary judgment ruling, and as reinforced by the filing of the plaintiff's still-pending motion for entry of partial final judgment, the resolution of the motion for summary judgment did not resolve all claims against all parties. In addition, that ruling did not constitute and was not accompanied or followed by the entry of a partial final judgment.

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. ' 1915; *see Coppedge v. United States,* 369 U.S. 438 (1962). "Good faith" within the meaning of ' 1915 must be judged by an objective, not a subjective, standard. *Id.* A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *Farley v. United States,* 354 U.S. 521 (1957) (absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *U.S. v. Gicinto,* 114 F.Supp. 929 (W.D.Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

There is no objectively reasonable argument which the Lori could present to argue that resolution of the plaintiff's motion for summary judgment was erroneous. In pursuing an appeal, the Lori Ais acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit.@ *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). More important is that the ruling from which an appeal is ostensibly taken was not a final judgment and was not otherwise appealable at this time. Without a final judgment or an appealable order, there is nothing which the notice of appeal conveys except a futile waste of time and energy.

Based on the foregoing, therefore, the Lori's request to proceed on appeal *in forma pauperis* [288] is **denied.**

**IT IS SO ORDERED.**

Date: 10/19/2011

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Lori Rappaport Lacroix
1730 South Federal Highway #212
Delray Beach, FL 33483

Sylvia Rappaport
1730 South Federal Highway #21
Delray Beach, FL 33483

Courtney Lacroix
1730 South Federal Highway #212
Delray Beach, FL 33483

Hunter Lacroix
1730 South Federal Highway #212
Delray Beach, FL 33483

Marguerite Downs Rappaport
55 Saint Marks Lane
Islip, New York 11751