UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GREEN MOUNTAIN FINANCIAL FUND, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )  1:09-cv-1216-SEB-TAB<br>) |
| LORI RAPPAPORT LACROIX, et al., | )<br>)<br>) |
| Defendants/Third Party Plaintiffs, | )<br>)<br>) |
| vs. | )<br>) |
| MARGUERITE DOWNS RAPPAPORT, et al., | )<br>)<br>) |
| Third Party Defendants. | ) |

**E N T R Y**

The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action. *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973); *Sturdevant v. Deer*, 69 F.R.D. 17 (E.D.Wis. 1975); *Clark v. Hendrix,* 397 F.Supp. 966 (N.D.Ga. 1975); *Ebenhart v. Power,* 309 F.Supp. 660 (S.D.N.Y. 1969); *Diaz v. Chatterton*, 229 F.Supp. 19 (S.D.Cal. 1964). The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See United States v. MacCollom,* 426 U.S. 317, 321 (1976); *Tedder v. Odel,* 890 F.2d 210, 211 (9th Cir. 1989).

Based on the foregoing, and based on her failure to show that there is any valid basis on which to conclude that public funds could be expended on her behalf, Lori Rappaport LaCroix's requests to proceed as indigent [261 and 286] are **denied.** Her request to proceed on appeal *in forma pauperis* filed on October 27, 2011, will be addressed in a separate ruling.

**IT IS SO ORDERED.**

Date: _11/07/2011_____

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Lori Rappaport Lacroix
1730 South Federal Highway #212
Delray Beach, FL 33483

Sylvia Rappaport
1730 South Federal Highway #21
Delray Beach, FL 33483

Courtney Lacroix
1730 South Federal Highway #212
Delray Beach, FL 33483

Hunter Lacroix
1730 South Federal Highway #212
Delray Beach, FL 33483

Marguerite Downs Rappaport
55 Saint Marks Lane
Islip, New York 11751