UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREEN MOUNTAIN FINANCIAL FUND LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| LORI RAPPAPORT LACROIX, et al., | )<br>) |
| Defendants. | )<br>)<br>) |
| _____ | )<br>) |
| LORI RAPPAPORT LACROIX, | )<br>) |
| Third Party Plaintiff, | )  Case No. 1:09-cv-01216-SEB-TAB |
| vs. | )<br>)<br>) |
| MARGUERITE DOWNS RAPPAPORT et al., | )<br>)<br>) |
| Third Party Defendants. | ) |

**Entry and Order Dismissing Action**

**I.**

### A. Background

This is a mortgage foreclosure action which has spawned a counterclaim and a third-party complaint against more than two dozen persons and entities. Summary judgment has been granted as to the plaintiff, Green Mountain Financial Fund, Inc. ("Green Mountain"), the counterclaim has been dismissed, the claims of third-party plaintiff Lori Rappaport LaCroix, individually and as Trustee of the Trust Created under the Last Will and Testament of Alfred D.

Rappaport, Deceased ("LaCroix") against certain third-party defendants have been dismissed, a motion for the entry of partial finial judgment has been filed by the third-party defendants against whom claims have been dismissed, and LaCroix was given a period of time in which to show cause why the third-party complaint against the remaining third-party defendants should not be dismissed.

LaCroix has not responded to the motion for the entry of partial final judgment and has likewise not shown cause why claims against the remaining third-party defendants should not be dismissed. Her failure to respond may be attributed to her status as a restricted filer, see dkt Entry 550, but even if so that is a potion of her own making through an undeniable and disruptive pattern of abusive and vexatious filings.[1]

### B. The Third-Party Complaint

The third-party complaint has proven problematic in this case because of its breadth and the historical complexities underlying LaCroix's many filings. The question is not as complex as LaCroix would have it, however, when principles associated with third-party practice under Rule 14(a) of the *Federal Rules of Civil Procedure* are recalled.

"[T]he crux of a Rule 14(a) third-party claim is the defendant's attempt to transfer (by indemnity, subrogation, contribution or some other theory) the liability asserted against the original defendant to the third-party defendant." *SEC v. Nappy,* 1993 WL 433780 at *1 (N.D.Ill. 1993). Thus, a claim that a third party defendant be secondarily liable to the third party plaintiff is "a plain condition on the face of Rule 14." *U.S. General, Inc. v. City of Joliet,* 598 F.2d 1050, 1053 (7th Cir. 1979).

---

[1] It was mentioned at the conference of August 29, 2013, that LaCroix had sought certiorari review of certain interlocutory appeals she had filed. That matter is now concluded. LaCroix's petition for a writ of certiorari was docketed as No. 12-5967 and was denied on October 29, 2013. 133 Ct. 535.

Impleader is appropriate only when a right to relief exists under applicable substantive law. *Colton v. Swain,* 527 F.2d 296, 300 (7th Cir. 1975). Although Rule 14(a) is a procedural mechanism for an assertion of contribution or indemnity, there must be a substantive basis for the third-party defendant's liability. *Jadom Furniture Co., Ltd. v. October Group, Int'l, LLC,* 2007 U.S. Dist. LEXIS 59696, at *6–7 (N.D.Ill. Aug. 14, 2007). In diversity actions, the law of the state in which the federal court is sitting governs the question of whether a substantive right that can be the basis of a third party claim exists. *LaSalle Nat'l Bank v. Service Merchandise Co.,* 827 F.2d 74 (7th Cir. 1987).

Many of the third-party claims have been dismissed because of a deficiency in the requirement highlighted above, that being the absence a substantive basis for the third-party defendant's liability. Having reviewed all such matters, including the remaining claims against third-party defendants, the principles recited above, and the reasons for the dismissal of certain claims in the third-party complaint, the Court finds that the third-party complaint fails to supply a plausible basis on which it could be found that the third-party defendants or any of them are or could be liable to LaCroix for her liability on the mortgage note to Green Mountain or that they are or could be secondarily liable to LaCroix through indemnity agreement, tort, or other theory. LaCroix has not shown or attempted to show otherwise. The claims which are thus deficient are dismissed. *Hoskins v. Poelstra*, 320 F.3d 761, 762 (7th Cir. 2003)("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

### C. Joint Motion for Partial Final Judgment

Rule 54(b) permits a district court, in a case involving multiple claims or parties, to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if

the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). "'Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties.'" *Lottie v. W. Am. Ins. Co.,* 408 F.3d 935, 938 (7th Cir. 2005) (quoting *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.,* 392 F.3d 922, 924 (7th Cir. 2004)).

At the time the joint motion for partial final judgment was filed, there were unresolved claims asserted in the third-party complaint. Based on the discussion in Part I.B. of this Entry, however, that is no longer the case. All claims against all parties have been resolved.[2] The only relief awarded in this action is that to which Green Mountain is entitled based on its motion for summary judgment being granted. All relief sought by any other party, in any other form, is **denied.** The entry of final judgment is therefore appropriate, but it need not be a partial final judgment. The joint motion for entry of partial final judgment [dkt 549] is therefore **denied as moot.**

## II.

Judgment consistent with this Entry and with pertinent prior rulings shall now issue.

IT IS SO ORDERED.

Date: 11/18/2013

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[2] The Courier Journal and The Jeffersonville News are no longer parties. On September 28, 2009, The Courier Journal was named by LaCroix as a third-party defendant. The Courier Journal filed a motion to dismiss on October 26, 2009. LaCroix abandoned her claims against The Courier Journal when she did not name it as a third-party defendant in the third-party complaint filed on January 13, 2010. Also on September 28, 2009, LaCroix named The Jeffersonville News as a third-party defendant. The Jeffersonville News filed a motion to dismiss. While the case was on remand, LaCroix stipulated to the dismissal of all claims against The Jeffersonville News and on March 15, 2010, the state court dismissed such claims with prejudice. LaCroix did not name The Jeffersonville News in the third-party complaint filed on January 13, 2010.

Distribution:

All electronically registered counsel

Marguerite Downs Rappaport
55 Saint Marks Lane
Islip, New York 11751

Lori Rappaport LaCroix
Courtney LaCroix
Unit 7900 Box 2918
DPO, AE 09213-2913

HUNTER LACROIX
1730 South Federal Highway #212
Delray Beach, FL 33483

SYLVIA RAPPAPORT
1730 South Federal Highway #212
Delray Beach, FL 33483

COURTNEY LACROIX
Unit 7900 Box 2918
DPO, AE 09213-2918